UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN F. PEACOCK** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-0988** |
| **UNITED STATES OF AMERICA** | **SECTION: "S" (3)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that John F. Peacock's motion for sanctions in the form of expenses, costs and reasonable attorney's fees is **GRANTED**. (Document #58.)

**IT IS FURTHER ORDERED** that the matter is **REFERRED** to the magistrate judge for a determination of reasonable attorney's fees.

## I. BACKGROUND

On October 22, 2003, John F. Peacock underwent an angioplasty procedure of his left circumflex artery at the Dallas Veterans Administration Medical Center. Shortly after the surgery, Peacock experienced severe chest pain. Dr. John Warner and Dr. Justin Martin performed a cardiac catheterization, which revealed that the left main artery was dissected and the left anterior descending artery was occluded. Peacock was returned to surgery where an emergency double coronary bypass graft was performed. Meanwhile, Peacock suffered a heart attack and suffers from severe congestive heart failure.

After pursuing an administrative claim with the Department of Veterans Affairs, on February 14, 2007, Peacock filed a complaint under the Federal Tort Claims Act against the United States, alleging that Drs. Martin and Warner, employees of the Dallas Veterans Affairs Medical Center, breached the standard of care and caused his injuries.

The government filed a motion to dismiss the claims against Dr. Warner for lack of subject matter jurisdiction, alleging that Dr. Warner was an independent contractor physician, not a federal employee, for purposes of the Federal Tort Claims Act. The court denied the motion to dismiss without prejudice and reopened discovery for 60 days on the issue of subject matter jurisdiction. Following discover, the government reurged its motion to dismiss, and the court granted the motion. Peacock filed a motion for sanctions.

## II. DISCUSSION

Peacock seeks an award of sanctions, asserting that the Government's failed to take the appropriate steps to verify Dr. Warner's employment status, in violation of Rule 26(g) and 16(f) of the Federal Rules of Civil Procedure. Peacock contends that, in certifying that Dr. Warner was a federal employee in its answer to the complaint, in answers to the plaintiff's interrogatories, and in the pretrial order, the Government failed to make a reasonable inquiry into the facts asserted.

In the answer to the complaint on June 1, 2007, the government "admitted" to the allegations in paragraph V of the plaintiff's complaint that "Justin Martin, M.D. and John Warner, M.D. are health care providers, who . . . were employees of defendant at the Dallas Veterans Affairs Medical Center and were acting within the course and scope of their

2

employment." In the answer to interrogatory number 1 requesting the addresses for the five physicians named in the complaint, the government provided the following information for Dr. Warner:

> Dr. Warner has been a federal employee with the Veterans Administration Medical Center since April 12, 2003, to present. His address is University of Texas, Southwestern Medical Center, 5909 Harry Hines Blvd., HA9.133, Dallas, Texas 75390.

The government refers Peacock to Dr. Warner's attached Curriculum Vitae, which indicates that, beginning in the year 2003, Dr. Warner had hospital appointments as an attending cardiologist at UT Southwestern University Hospital; Dallas VA Medical Center, Dallas, TX; and Parkland Memorial Hospital, Dallas, TX.

In the statement of uncontested material facts in section 7(k) of the pretrial order, filed on July 21, 2008, the parties stated that "[f]rom October 20, 2003 through December 23, 2003, the physicians, nurses, and staff who provided treatment to John Peacock were employees and/or agents of the Dallas Veterans [Administration] Medical Center."

Peacock argues that a confirmation of Dr. Warner's employment status was available to the Government through a search of the employee database of the Dallas Veterans Administration Medical Center (Dallas VA). Peacock argues that the Government should have been aware of the contract between the Veterans Affairs North Texas Healthcare System and the University of Texas Southwestern Medical Center at Dallas because it existed years before the Government filed its answer to the complaint and certified its answers to the plaintiff's interrogatories.

Peacock contends that the duty to conduct a reasonable inquiry does not apply to the Assistant United States Attorney alone. He argues that the staff counsel for the Office of Regional Council for the Dallas VA and the medical staff coordinator for the Veterans Affairs North Texas Health Care System in Dallas had a duty to verify the information they provided to the Assistant United States Attorney, which she incorporated into the answer to the complaint, the response to interrogatories, and the pretrial order.

Rule 26(g) provides in relevant part:

> (1) **Signature Required; Effect of Signature.**
> Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record in the attorney's own name . . . . by signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:
> (A) with respect to a disclosure, it is complete and correct as of the time it is made.
> . . . .
> (3) **Sanction for Improper Certification.** If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

Rule 16(f) provides in relevant part:

> **(f) Sanctions.**
> (1) **In General.** On motion or on its own, the court may issue any just orders . . . if a part or its attorney:
> . . . .
> (C) fails to obey a scheduling or other pretrial order.
> (2) **Imposing fees and costs**. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses–including attorney's fees–incurred because of any non-compliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

The duty under Rule 26(g) is similar to the duty under Rule 11 to make a reasonable inquiry into the factual basis of a response. Fed. Rule Civ. Pro. 26(g), Advisory Committee Note, 1980 Amendment; see also Chapman & Cole v. Itel Container Int'l B.V., 865 F.2d 676, 686 (5th Cir. 1989) (district court sanctioned the defendant and its counsel under Rule 11, 26, and 37). "The duty to make a 'reasonable inquiry' is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances." Id. "It is an objective standard similar to the one imposed by Rule 11." Id. "In making the inquiry, the attorney may rely on assertions by the client and on communications with other counsel in the case as long as that reliance is appropriate under the circumstances." Id. "Ultimately, what is reasonable is a matter for the court to decide on the totality of the circumstances." Id.

"A federal agency plays by the same rules as private litigants." FDIC v. Maxxam, Inc., 523 F.3d 566, 581 (5th Cir. 2008) (in the context of Rule 11 sanctions). "The question of the scope of a waiver of sovereign immunity falls away when a court acts under its sanctioning powers." Id at 595. "The government, as a party to a lawsuit, is subject to the same ethical and procedural rules as a private litigant, and risks the same sanctions if it fails to abide by these rules." Id.

Considering the totality of the circumstances, the court concludes that the Government, through its attorneys, did not satisfy the duty to make a reasonable inquiry before certifying in the pleadings and the pretrial order that Dr. Warner was a federal employee. Under an objection standard, an Assistant United States Attorney, assigned to handle the medical malpractice docket

and experienced in suits against the United States under the FTCA for actions of a physician in a VA hospital, should have been aware that there was a distinct possibility that Dr. Warner, a specialist in cardiology, could be an independent contractor.  For some unstated reason, on August 11, 2008, counsel for the Government was prompted to make a third inquiry to verify the accuracy of the information concerning Dr. Warner's employment status on October 22, 2003.  It was then that information that Dr. Warner's name did not appear in the data base as a federal employee came to light.  The Attorney for Regional Counsel of the Dallas VA advised the Assistant United States Attorney on August 13, 2008, of Dr. Warner's status.  The Assistant United States Attorney then contacted the University of Texas Southwestern Medical Center to obtain documentation in support of Dr. Warner's status as a University of Texas employee.  On the eve of trial, the government obtained an affidavit of Dr. Stephen R. Holt, the Deputy Chief of Staff at the Dallas Veterans Administration Medical Center, stating that  Dr. Warner was an independent contractor during the term of the contract, not an employee of the Dallas VA.

     The court concludes that the investigation by the attorneys and the conclusions drawn therefore were not reasonable under the circumstances.  Therefore, sanctions are warranted, and the United States is ordered to pay the costs and reasonable attorney's fees that Peacock has incurred as a result of this conduct.

     Peacock presents an itemization of the expenses since September 11, 2007, for expert charges, deposition costs, travel expenses, and copying costs.  It is hereby ordered that sanctions are imposed for the reimbursement of those expenses and costs in the amount of $47,608.01 and reasonable attorney's fees.  The matter is referred to the magistrate judge to determine

reasonable attorney's fees from the date of filing of the suit.

New Orleans, Louisiana, this  19th  day of December, 2008.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**